U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Smith-Garcia, David**    Reg. No.: **07954-043**    Unit: **E2-229**    Institution: **Tucson U.S.P.**

LAST NAME, FIRST, MIDDLE INITIAL

## Part A - REASON FOR APPEAL

I am appealing the DHO's finding of guilt that I committed a 296, mail abuse, disrupt monitoring. First, the DHO concluded that although I denied the charge, I "have provided no evidence to dispute the account of the investigation." This is not true. I showed DHO Estrada the attached copies of letters that my mother sent me as proof that the handwriting on the envelope-in-question does not match my mother's handwriting. DHO Estrada would not accept them. This incident report should be overturned because I was denied due process when DHO Estrada refused to accept this evidence and the attached evidence shows that the handwriting on the envelope-in-question does not match my Mom's. Second, I requested to see the letter-in-question to show that it was not my handwriting, but DHO Estrada would not let me see the letter, only the envelope. This incident report should be overturned because I was denied due process when DHO Estrada refused to let me see the letter-in-question and submit examples of my handwriting. Third, this incident report should be overturned because there is no evidence that I actually wrote the letter and sent it. DHO Estrada did tell me that my name was not on the letter or the envelope, and that there was no proof I sent the letter other than my Mom's name was written on the envelope. Also, the DHO report said that my mother lives in Vicksburg, Mississippi "(the location of the postmark on the envelope)". But that is not true. I saw the postmark. The envelope-in-question was postmarked in Jackson, not Vicksburg. This is further evidence that I did not send the letter/envelope. Fourth, the DHO report also concludes that the content of the letter supports a finding that I sent it because it references a "lockdown" and the statement "It's been over two weeks since I've heard from my mom." But I have not gone two weeks without talking to my mom. A review of my phone records will show that I call my mom and talk to her every day on her 520-276-0204 phone number. Furthermore, due to COVID-19, the whole world has been on a "lockdown". These statements do not prove I wrote the letter, especially when I talk to my mom everyday. Fifth, even if it is proven that I sent the letter and envelope (which I didn't), I do not believe that the evidence supports a finding that I disrupted
— cont. —

**8/31/2020**    DATE    **David Smith G**    SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED
OCT - 9 2020
[illegible stamp]

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: **1051654-R1**

## Part C - RECEIPT

CASE NUMBER: **1051644-R1**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002

Attachment to Administrative Remedy

— cont. —

the monitoring of the mail. The letter was not hidden or secreted. The envelope was marked with the other inmate's name and had my mom's name and address on it, albeit without my knowledge, and it was not manipulated in any way which would prevent FBOP staff from monitoring its contents or inspecting it. Sixth, in the DHO report section "Reasons for Sanctions", DHO Estrada says I am being sanctioned for using the "TRULINC e-mail system in an unauthorized manner". But this incident report has nothing to do with the TRULINC e-mail system. I've never been accused of abusing the e-mail system. This inaccuracy is another reason to overturn the DHO report and restore my privileges and good-time. Finally, I believe this incident report was issued to me in retaliation for filing a lawsuit against the prison and several staff members because that lawsuit was served on the FBOP defendants on 8/3/2020 and I was written this incident report the very next day.

1051644-R1
FCC TUCSON

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on August 12, 2020, in which you were found to have committed the prohibited act of Use of Mail for Abuses Other than Criminal Activity which Circumvent the Ability of Staff to Monitor Mail Correspondence, Code 296. In essence, you claim you are innocent. For relief, you seek to have the incident expunged from your record and revoke the sanctions imposed during that hearing.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. You waived both of these rights. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. The DHO Report reflects you presented a statement and there is no indication in the record that you submitted documentary evidence before the DHO at your hearing.

The DHO report clearly indicates the basis for the finding that you committed the prohibited act and explains the purpose of imposing the sanctions which are within policy.

Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. Though in your appeal you contest the DHO's decision, it is apparent that the DHO found you guilty based on some facts. Evidence weighed against you included the account of the reporting officer and written mail correspondence and other evidence within the record. Such evidence supports the fact you attempted to circumvent the mail correspondence process when correspondence was intercepted by staff. Furthermore, through review of other correspondence and through the encrypted translation the correlation provided credible evidence weighed during your hearing. That evidence, coupled by your volition not to present exculpatory evidence that may have exonerated you from the charge, reasonably led the DHO to make a finding of guilt. Though you claim you did not commit the prohibited act, your statement does not negate the fact that you engaged in conduct which is prohibited by Bureau regulation.

The allegations presented in your request for relief have been investigated and determined to be without merit. Thus, your request for relief from the discipline action or sanctions is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_11/23/20_         _____
Date                 M. Rios, Regional Director

Return to
You 12.30.2020

BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| Institution: TUCSON USP | Incident Report Number: 3421764 | |
|---|---|---|
| NAME OF INMATE: SMITH-GARCIA, DAVID | REG.NO.: 07954-043 | UNIT: UNIT E |
| Date of Incident Report: 08-04-2020 | Offense Code(s): 296 | |
| Date of Incident: 08-04-2020 | | |

Summary of Charges:

    296 -- MAIL ABUSE, DISRUPT MONITORING.

I. NOTICE OF CHARGE(S)

  A. Advanced written notice of charge (copy of Incident Report) was given to inmate on 08-04-2020 at 20:29 (by staff member) S.Pfeiffer

  B. The DHO Hearing was held on 08-12-2020 at 09:48

  C. The inmate was advised of the rights before the DHO by (staff member):
    B. Byler on 08-06-2020
    and a copy of the advisement of rights form is attached.

  D. Delay in Process None

II. STAFF REPRESENTATIVE

  A. Inmate waived right to staff representative: [Yes] X [No] _

  B. Inmate requested staff representative and
    NA appeared.

  C. Staff Representative's Statement:
    NA

  D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
    NA

  E. Staff representative NA was appointed.

III. PRESENTATION OF EVIDENCE

  A. Inmate ( ) admits ( X ) denies the charge(s).

  B. Summary of Inmate Statement:
    Inmate David Smith-Garcia, Reg. No. 07954-043 stated " I didn't send that envelope."



| BP-A0304 | DISCIPLINE HEARING OFFICER REPORT |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

C. Witnesses

1. The inmate waived right to witnesses. [Yes] X   [No] __

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   NA

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   NA

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   NA

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   Incident Report -- (BP-A288)
   Inmate Rights at Discipline Hearing -- (BP-A293)
   Notice of Discipline Hearing Before the (DHO) -- (BP-A294)
   Incident Report - TRU System Documentation -- (BOP-IRTRU)
   Incident Report - Photographs -- (BOP-IRPHO)

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   NA

IV. FINDINGS OF THE DHO
   X  A. The act was committed as charged.    __ C. No prohibited act was committed:
   __ B. The following act was commmitted:        Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)
**DHO FINDINGS:**

The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of his incident report, did not want to call any witnesses. The inmate was afforded the opportunity to request a staff representative, but chose not to request a staff representative. The inmate had no documentary evidence to submit. The inmate understood his due process rights and was ready to proceed with the DHO hearing.

Based on the evidence, the DHO finds you committed the prohibited act of Code 296 -Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures. To make this finding the DHO relied upon the following:



| BP-A0304 | DISCIPLINE HEARING OFFICER REPORT |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | |

On August 4, 2020, at approximately 12:00 p.m., I, SIS Technician K. Lagro, became aware of a U.S. Mail abuse/circumvention incident involving inmate David Smith-Garcia, Reg. No. 07954-043, and Michael Parrot, Reg. No. 19402-078.

Specifically, an article of U.S. Mail, was reviewed that is addressed to inmate Michael Parrott, Reg. No. 19402-078. The return address on this article of mail is Joan Campbell, 439 Garden Grove Street, Vicksburg, MS. 39180 . Joan Campbell is listed on file with the Federal Bureau of Prisons, as the parent of inmate David Smith-Garcia. This name and address is NOT on inmate Parrott s personal list of contacts.

The letter utilizes code to describe current news of a USP Tucson Housing Unit and Cell Assignments. Specifically, a Unit is referred to as a Trailer Park , and utilizes known aliases of other inmates in the USP Tucson General Population. The letter states: Do you know that scum-bag looking dude they call Ohio D or Westside? The one that I bought the radio from? He just moved into the park a couple trailers down from me. Westside is identified as another inmate, currently assigned to Unit E-2. Inmate David Smith-Garcia, is currently assigned to Unit E-2, and on the same tier, a couple trailers (Cells) down as described in the letter. Additionally, there is no known record of Joan Campbell , whom the letter is addressed from, buying a radio from that scum-bag looking dude they call Ohio D or Westside , as described in the letter.

Inmate David Smith-Garcia, Reg. No. 07954-043, is identified as the actual writer of this letter, with the intended receiver being inmate Michael Parrott, Reg. No. 19402-078, assigned to separate housing unit at USP Tucson, via the letter being re-sent from an out-side source. Abuse of the mail for abuses other than criminal activity which circumvents mail monitoring procedures, is a violation of Bureau of Prisons Policy.

The DHO reviewed the investigation and UDC portions of the disciplinary process and noted inmate ( David Smith-Garcia, Reg. No. 07954-043 ) chose to make no statement in his defense at either of these stages, leading the DHO to draw an adverse inference.

The DHO asked if you admitted or denied the charge against you. You denied the charge stating, " I didn't send that envelope." The DHO notes that although you deny the charge against you, you have provided no evidence to dispute the account of the investigation. The DHO finds credible the staff member's account of this incident as stated above. The supporting documentation (TRUFONE/TRUVIEW reports) submitted corroborates the incident. Specifically, TRUVIEW reports show that Joan Campbell is listed as your mother, and she is located in Vicksburg, Mississippi (the location of the postmark on the envelope). This letter is addressed to Michael Parrott, who was not housed in your unit at the time, and you cannot directly send mail to this inmate. Sending a letter by means of another party, supports mail circumvention that disrupts the monitoring, as you did not send it by direct means. The contents of the letters do not support a letter coming from your mother to inmate Parrot, as they specifically reference being in an extended lockdown, writing your mom a bunch of times and also stating "it's been over two weeks since I've heard from my mom". If this letter was from your mom, it is not logical that she would write this content in a letter. Lastly, the letter states "I love and miss you. I would give anything to be able to lay down on your chest and have you hold me." This content supports this letter was written by you, and you attempted to send this letter by indirect means in an attempt for inmate Parrott to receive it. This evidence supports the charge. You provided no evidence to support your denial.

Although the inmate denied the charge, the DHO based her decision on the greater weight of the evidence. Specifically, the DHO relies upon the reporting officer s eyewitness statement. The DHO found no reason to question the validity of the reporting officer, since his observations were made strictly in the performance of his duties, without any reason to submit a false report.

Therefore, based on the facts, evidence presented, the DHO finds you committed the

| BP-A0304  | DISCIPLINE HEARING OFFICER REPORT |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

prohibited act of Code 296- Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures.

VI. SANCTION OR ACTION TAKEN
296 - LP EMAIL 30 DAYS, 296 - LP COMM 30 DAYS, 296 - DIS GCT 27 DAYS

VII. REASON FOR SANCTION OR ACTION TAKEN
296:
Inmates who use the TRULINC e-mail system in an unauthorized manner pose a serious threat to institution security and/or the safety of other inmates/staff. Using the system is a privilege for inmates to maintain contact with their family. However, using the system to have others to send money to another inmate, contact unauthorized individuals, or to pass illicit messages will not be tolerated. This type of use can result in inmates being assaulted, hinders staff's ability to maintain their respective areas, and ultimately threatens the safety of inmates and staff when dealing with the fall out of these behaviors in a correctional environment.

Good Conduct Time:
The sanction against Good Conduct Time was used to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA). PLRA exemplary compliance requires the DHO disallow good conduct time.

Loss of Privileges:
The sanctions of loss of privileges were given to remind the inmate that he and he alone is responsible for his behavior. The DHO imposes the sanctions listed above to convey the seriousness and inappropriate of your actions. The above listed sanctions are imposed to deter you and others from exhibiting future acts of misbehavior. Sanctions are imposed to encourage you to use better judgment in further interactions and you must be accountable for you actions.

VIII. APPEAL RIGHTS:  X  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| A. ESTRADA | A. ESTRADA | 08-25-2020 |

DHO Report Delivered to Inmate by:

| Printed Name of Staff | Signature of Staff | Date & Time Delivered |
|---|---|---|
| B Nickelsen | | AUG 27 2020 / 0800 |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                Replaces BP-304(52) of Jan 88



BP-A0304      **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

**U.S. Department of Justice**  **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Smith-Garcia, David    07954-043    E-2    U.S.P. Tucson
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing the Regional Director's response to my BP-10 DHO appeal. I am innocent of this violation, I was not allowed to present evidence at the DHO hearing, the handwriting on the envelope does not match my mom's handwriting, there is no evidence that I wrote and mailed the letter, my name and information was not on the letter or envelope, my mom lives in Vicksburg, MS, which is not where the letter was postmarked from, the incident report does not support the finding that I disrupted the monitoring of the mail, the incident report is defective because it says I abused the "TRULINC e-mail system in an unauthorized manner", but this incident report had nothing to do with the email system, and I believe the incident report was written in retaliation for me filing a lawsuit against several staff members at U.S.P. Tucson. I am asking that the DHO report be overturned and that my goodtime credits be restored. This is being filed late because my counselor only returned the BP-10 response to me on 12/30/2020.

1/4/2021
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE    GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)